UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN MEHL,, | No. 2:19-CV-01005-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTRYWIDE BANK, NA, et al., | |
| Defendants. | |

Plaintiff is pro se and proceeding in this action in forma pauperis under 28 U.S.C. § 1915. This action was referred to this court by Local Rule 302(c)(21).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

/////

1

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

On February 5, 2020, this court dismissed the original complaint because plaintiff's allegations were insufficient to support a finding of federal subject-matter jurisdiction. ECF No. 7. Plaintiff had alleged that both diversity and federal-question jurisdiction existed. Id. But plaintiff pleaded that both he and one of the defendants were citizens of the State of California, thereby defeating complete diversity of citizenship under 28 U.S.C. section 1332. Moreover, plaintiff alleged that defendants had violated the Privacy Act, but this general allegation did not establish the federal claim or claims that would support federal-question jurisdiction under 28 U.S.C. section 1331. Id. The court granted plaintiff leave to file an amended complaint, but ordered that any amended complaint "must set forth the jurisdictional grounds upon which the court's jurisdiction depends" and "demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights." Id.

Plaintiff filed an amended complaint (FAC), but it fails to cure the jurisdictional deficiencies addressed in the February 5, 2020 order. The FAC alleges two bases for jurisdiction.[1] First, plaintiff alleges jurisdiction exists under 28 U.S.C section 1330, which grants

---

[1] Plaintiff does not assert diversity of citizenship as a basis for jurisdiction. Nevertheless, the court cannot determine whether complete diversity exists, because plaintiff does not clearly plead

2

1    federal courts jurisdiction over nonjury civil actions against foreign states. ECF No. 8 ¶ 8.
2    Section 1330 does not apply, because plaintiff has demanded a trial by jury and has not sued a
3    foreign state. Second, plaintiff alleges federal-question jurisdiction exists under 28 U.S.C. section
4    1331. Id. ¶ 10. The FAC asserts two causes of action—trespass and declaratory judgment—and
5    neither establish federal-question jurisdiction.
6        Trespass is traditionally a question of state law, and plaintiff does not allege facts
7    establishing that his trespass claim arises under federal law or otherwise raises a federal question.
8    The same is true of plaintiff's declaratory judgment claim. "Federal courts may entertain claims
9    for declaratory relief under 28 U.S.C. § 2201, so long as they raise a federal question." Gaming
10   World Int'l, Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d 840, 847 (8th Cir. 2003).
11   But "it is well established that the Declaratory Judgment Act does not, of itself, confer
12   jurisdiction upon federal courts." Hill Dermaceuticals, Inc. v. Anthem, Inc., 228 F. Supp. 3d
13   1292, 1299 (M.D. Fla. 2017). "If a declaratory judgment action requires resolution of an issue of
14   federal law or precludes the assertion of a federal right by a responding party, there is jurisdiction
15   over it," id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 19 (1983)),
16   but only when the statute animating a plaintiff's federal claim creates a freestanding right of
17   action. See Alexander v. Sandoval, 532 U.S. 275, 293 (2001).
18       Here, plaintiff asks the court for a declaration "establishing the identity of the party that
19   had legal and equitable title to the Land, free and clear of all claims by any other party . . . ."
20   ECF No. 8 ¶ 42. In essence, plaintiff asks the court to resolve a title dispute. Although "title suits
21   are not the customary business of the Federal Courts," Mays v. Kirk, 414 F.2d 131, 132 (5th Cir.
22   1969), in this case, plaintiff alleges that the dispute raises the federal question of whether the
23   State of California is "required to honor Letters Patent issued under" the Swamp and Overflow
24   Lands Act of 1850, 43 U.S.C. § 982.[2] ECF No. 8 ¶ 14. More generally, plaintiff appears to
25   allege that resolving his title dispute requires resolving questions about the validity of the initial

---

his state citizenship.

[2] Simply put, plaintiff appears to allege that resolving the title dispute requires resolving questions about the validity of the initial conveyance of the land from the United States to the State of California, made pursuant to the Swamp Act, in 1850 when California became a state.

3

conveyance of the land from the United States to the State of California, made in 1850 pursuant to the Swamp Act, when California became a state.

The Fifth Circuit addressed a similar argument in Mays, and it held that the plaintiff's title suit did not give rise to federal question jurisdiction, even if it implicated the Swamp Act. Specifically, the court held that "the question whether the land involved in this case was owned by the United States or by a private individual at the time the Federal Government purported to convey it to Florida [] simply does not present a federal question." Mays v. Kirk, 414 F.2d 131, 134 (5th Cir. 1969).

Like in Mays, this court declines to construe plaintiff's allegations concerning the Swamp Act as giving rise to a federal question. Because neither plaintiff's trespass claim nor his declaratory judgment claim arise under federal law, federal question jurisdiction is not apparent from the FAC. Accordingly, the FAC must be dismissed. Given the leniency that should be afforded to pro se plaintiff, however, the court will grant plaintiff a second opportunity to amended his complaint.

If plaintiff chooses to file a second amended complaint, he must clearly identify the federal claim or claims he is attempting to assert, or otherwise allege a valid basis for federal subject-matter jurisdiction. Merely listing federal statutes or regulations is insufficient. In addition, if plaintiff files a second amended complaint, he must allege factual content that allows the court to draw a reasonable inference that defendant is liable to *each* plaintiff for *each* claim asserted. This does not necessarily require detailed factual allegations, but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

Plaintiff is advised that the court cannot refer to a prior complaint in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the previous pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's first amended complaint (ECF No. 8) is dismissed without prejudice.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  August 31, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.01005.fac